IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| EUGENE DESHANE MITCHELL, SHAYLEEN MEUCHELL, *on their own behalf and as next friend of* B.M., <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST CALL BAIL AND SURETY, INC., ALLEGHENY CASUALTY COMPANY, INTERNATIONAL FIDELITY INSURANCE COMPANY, THE MONTANA CIVIL ASSISTANCE GROUP, MICHAEL RATZBURG, VAN NESS BAKER, JR., and JASON HAACK, <br><br> Defendants. | CV 19–67–M–DLC <br><br><br> ORDER |

Before the Court is Plaintiffs' Motion to Serve Process by Mail and Email (Doc. 23). Plaintiffs have successfully served each Defendant except for Jason Haack, who has apparently moved from Montana to Medellín, Columbia, since the occurrence of the events giving rise to this litigation. (Docs. 23 at 2; 23-1 at 2.) Plaintiffs seek authorization to serve process on Haack in Columbia via mail and email.

-1-

Federal Rule of Civil Procedure 4(f) governs the service of process on individuals in foreign countries, the rule provides:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Here, although Columbia is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *see* U.S. Department of State—Bureau of Consular Affairs, *Judicial Assistance Country Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-

Information/Colombia.html (last visited June 7, 2019), Plaintiffs seek authorization for service via email and mail because service through the method contemplated by the Hague Service Convention "could take six months to a year to complete (Doc. 23 at 3–4).

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). It appears as though Columbia has not objected to service by mail. *See* U.S. Department of State—Bureau of Consular Affairs, *supra*. And service by mail is allowed under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) when delivery requires a signed receipt and has been addressed and sent by the clerk. *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Based on the foregoing, the Court is satisfied that the facts and circumstances of this case make service via postal mail requiring a signed receipt appropriate and will direct the Clerk of Court accordingly.

However, the Court is not satisfied that service via email should be authorized under Federal Rule of Civil Procedure 4(f)(3), as requested by Plaintiffs. Although attempted service by other methods need not be exhausted

-3-

before the Court may authorize the service of process via an alternative method under Rule 4(f)(3), *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002), Rule 4(f)(3) expressly requires that the alternative may not be "prohibited by international agreement." Plaintiffs have made no showing regarding this prerequisite. Therefore, the Court will not make such an authorization at this time.

IT IS ORDERED that Plaintiffs Motion (Doc. 23) is GRANTED IN PART as detailed above.

IT IS FURTHER ORDERED that the Clerk of Court shall address and send a copy of the summons and complaint in this case via mail service requiring a signed receipt to:

Jason Lee Haack
Tv. 34D Sur #27D-28, Apto 424
Edificio Santa Maria de las Lornas
Envigado 055420, CO

DATED this 11th day of June, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court