

FILED

MAY 28 2020

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EUGENE DESHANE MITCHELL, SHAYLEEN MEUCHELL, *on their own behalf and as next friend of* B.M., <br><br>Plaintiffs, <br><br>vs. <br><br>FIRST CALL BAIL AND SURETY, INC., ALLEGHENY CASUALTY COMPANY, INTERNATIONAL FIDELITY INSURANCE COMPANY, THE MONTANA CIVIL ASSISTANCE GROUP, MICHAEL RATZBURG, VAN NESS BAKER, JR., and JASON HAACK, <br><br>Defendants. | CV 19–67–M–DLC <br><br><br>ORDER |

Before the Court is Plaintiffs' Motion to Intervene in Cross-Claims or, in the Alternative, be Added as Indispensable Parties. (Doc. 86.) For the following reasons, Plaintiffs' motion will be denied.

## Background

As a result of injuries sustained during Plaintiff Eugene Mitchell's bail bond capture by the Montana Civil Assistance Group ("MCAG"), Plaintiffs sued the above-captioned Defendants on multiple legal theories including violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"). (Doc. 1.) Defendants

1

Allegheny Casualty Company, International Fidelity Insurance Company, Michael Ratzburg, and First Call Bail and Surety, Inc. (together "Answering Defendants") timely answered Plaintiffs' Complaint. (Doc. 59.) The MCAG, Van Ness Baker, and Jason Haack (together "Defaulted Defendants") did not. On November 12, 2019, Plaintiffs moved for an entry of default. (Doc. 66.) On November 14, 2019, the Clerk of Court entered default against all three. (Doc. 70, 71, 76.) Then, on February 28, 2020, Answering Defendants amended their Answer to allege two crossclaims against Defaulted Defendants. (Doc. 82.) Answering Defendants' first crossclaim seeks contribution or indemnification from Defaulted Defendants. (*Id.* at 77.) Its second crossclaim seeks declaratory judgment that there is no agency relationship that would impute liability to Answering Defendants for the acts taken by the MCAG. (*Id.* at 78.) Fearing that its claims against Answering Defendants might be prejudiced if they obtain default judgment on their crossclaims, Plaintiffs moved to intervene. (Doc. 84.) Finally, on May 7, 2020 Haack, appearing pro se, filed an answer to the crossclaims.

## Discussion

### I. Intervention

Under Rule 24(a), an applicant may intervene as of right if: "(1) the motion [is] timely; (2) the applicant [has a] 'significantly protectable interest' in the action; (3) the disposition of the action . . . as a practical matter impair[s] or

impede[s] the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties." *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc)).

As an initial matter, Plaintiffs' request to intervene in the defense of a party they have sued and against whom they have obtained an entry of default is rather extraordinary. Plaintiffs provide a sole citation from the District of Connecticut to justify the practice. *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 3:12CV269 JBA, 2014 WL 6388787, at *8 (D. Conn. Nov. 14, 2014). In *Flynn v. Hubbard*, the First Circuit noted the novelty of the issue before holding that the non-appearance of a defendant does not justify intervention, at least not where a nonparty seeks to intervene in defense of the sole non-appearing defendant. 782 F.2d 1084, 1087 (1st Cir. 1986). Although the case is distinguishable because of its posture, the scant authority for Plaintiffs' request signals its oddity.

That Defendant Haack has subsequently appeared pro se to answer the crossclaims has taken some of the wind out of Plaintiffs' sails, although it is not clear from Haack's Answer whether he has appeared in a personal capacity or on behalf of the MCAG. (*See* Doc. 92.) Nevertheless, Ness Baker has not appeared, so Plaintiffs' motion is not entirely moot.

Notwithstanding, Plaintiffs cannot intervene as of right because they have no "significant protectable interest" in the outcome of the crossclaims. Plaintiffs first assert that Answering Defendants' declaratory judgment crossclaims contain factual and legal assertions that bear on Plaintiffs' various claims against Answering Defendants—the implication being that a default judgment on some of those issues might function as a form of issue preclusion. (*See id.*) In fact, the opposite is true. In *Frow v. De La Vega*, the Supreme Court held that where liability is joint, a court cannot grant default judgment against a non-answering defendant where doing so would be inconsistent with a resolution on the merits for a codefendant. 82 U.S. (15 Wall.) 552, 554 (1872). Although *Frow* dealt only with direct claims asserted against multiple codefendants and not crossclaims amongst codefendants, the principle holds. 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2690 (4th ed.) (describing that *Frow* applies where default judgment on a closely related issue would lead to inconsistent results). In such circumstances, a court should not enter default judgment until the closely related claims have reached a resolution on the merits. *Id.*

This rule likely applies here. For example, Plaintiffs have alleged an association-in-fact enterprise involving all Defendants. (Doc. 1 at 39.) If Plaintiffs are successful on this particular claim it means that all Defendants functioned as "a group of persons associated together for a common purpose of engaging in a

course of conduct[.]" *Odom v. Microsoft Corp.*, 489 F.3d 541, 549 (9th Cir. 2007) (en banc). Such a finding would likely preclude the Court from entering default judgment on Answering Defendants' assertion that the Defaulted Defendants "did not act as [Answering Defendants] agents or representatives" in Mitchell's arrest, (Doc. 82 at 78) because it is inconsistent with the enterprise theory. *See United States v. Browne*, 505 F.3d 1229, 1278 (11th Cir. 2007) (imposing joint and several liability for co-conspirators of the RICO enterprise).

In short, Plaintiffs lack an interest in the outcome of the crossclaims because the jury's resolution on the merits of Plaintiffs' claims will dictate to the extent of any possible default judgment where liability is jointly imposed. This is the same reason why Plaintiffs cannot show that "the disposition of the action . . . as a practical matter impair[s] or impede[s] the applicant's ability to protect that interest." *Allied Concrete & Supply Co.*, 904 F.3d at 1067. Finally, as noted by Answering Defendants, Plaintiffs also cannot show that their "interest may be inadequately represented by the other parties," *id.*, because "their interests are represented . . . by them." (Doc. 88 at 15.)

Plaintiffs also have no interest in Answering Defendants' contribution claim. Any contribution right does not impact Plaintiffs' ability to recover. Nor is a mere a financial stake in the outcome sufficient to warrant intervention. *Greene v.*

*United States*, 996 F.2d 973, 976 (9th Cir. 1993). For these reasons, Plaintiffs' motion to intervene as of right will be denied.

Plaintiffs also request permissive intervention under Rule 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1)(B). Although there are common questions of law and fact between Plaintiffs' claims and those asserted in the crossclaims, the common questions are merely the result of everyone being involved in the same lawsuit. Plaintiffs fail to cite any authority to suggest that a plaintiff may intervene in the crossclaims asserted by a codefendant where at least some of the crossclaim-defendants have appeared to defend the action. Regardless of whether permissive intervention might have been appropriate prior to Haack's appearance, Plaintiffs have little reason to intervene now. *Frow*'s rule will inure the benefit of Haack's defense to the remaining non-appearing defendants, ensuring that a decision on the merits prevails over one obtained by default. Wright, *supra*. The Court will not allow the litigation to become muddied by permitting Plaintiffs to step into the shoes of an adverse party whose interests are adequately represented. To do so would unduly complicate the posture of the case with no clear benefit to any party.

## II. Joinder

In support of Plaintiffs' request to be joined under Rule 19 as an indispensable party, Plaintiffs reference the same arguments advanced in their motion to intervene. (*See* Doc. 87 at 14.) Under Federal Rule of Civil Procedure 19(a)(1)(B)(i), a party is necessary, and joinder is required, if a party has an interest in the action and resolving the action in its absence may "as a practical matter impair or impede" that party's ability to protect that interest.

Having already concluded that Plaintiffs have no interest in the outcome of the crossclaims, Plaintiffs are not indispensable parties.

IT IS ORDERED that Plaintiffs' Motion (Doc. 86) is DENIED.

DATED this 28th day of May, 2020.

Dana L. Christensen, District Judge
United States District Court